IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DUERWOOD EVANS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-3540 |
| : | |
| SOCIAL SECURITY : | |
| ADMINISTRATION, *et al.*, : | |
|     Defendants. : | |

<u>**MEMORANDUM**</u>

**SÁNCHEZ, C.J.**                                                                                                   **DECEMBER 15, 2021**

       Plaintiff James Duerwood Evans, a pretrial detainee currently incarcerated at the Curran Fromhold Correctional Facility,[1] has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Evans has also filed a Motion for Leave to Proceed *in Forma Pauperis*.[2] (ECF No. 8.) For the following reasons, the Court will grant Evans leave to proceed *in forma*

---

[1] Evans was a patient at the Norristown State Hospital at the time he filed this civil action. On October 19, 2021, mail addressed to Evans at Norristown State Hospital was returned to the Clerk's Office with a handwritten notation on the envelope stating "discharged." (*See* ECF No. 11 at 2.) The publicly available docket in *Commonwealth v. Evans*, MC-51-CR-6388-2021 (C.P. Phila.) reflects that on September 24, 2021, Evans was committed to the Philadelphia Department of Prisons and is currently incarcerated at Curran Fromhold Correctional Facility. On December 8, 2021, an Order granting a continuance was entered. Evans's case remains pending.

[2] The filing is docketed as a "Notice." (*See* ECF No. 8.) It includes a completed and signed Motion for Leave to Proceed *In Forma Pauperis*. (*Id.* at 5-7.) Elsewhere in the filing, Evans explains that he was unable to obtain account information from Curran Fromhold Correctional Facility, where he was incarcerated from April 5, 2021 through July 14, 2021, but that he had included an account statement from Norristown State Hospital, where he was a patient at the time he filed this civil action. (*Id.* at 2, 10.) The account statement shows a zero balance. (*Id.* at 10.) The Court deems Evans's submission to be substantially compliant with the requirements of the PLRA.

*pauperis* and dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS[3]

Evans names as Defendants the Social Security Administration ("SSA") and the United States of America, both of which are sued in their individual and official capacities. (ECF No. 1 at 3.) According to the Complaint, in November 2020, Evans was released from Norristown State Hospital when charges pending against him were discharged. (*Id.* at 4.) Upon his release, he rented a room at CareMore House in Philadelphia. He alleges that he called SSA to advise them of his release. He was provided with a fax number and told to send his release papers, social security number and address to that number, as no in person appointments were available due to COVID-19. Evans alleges that he provided the necessary information to the Director of CareMore House to fax to SSA. (*Id.*) It was Evans's desire to collect his Social Security Disability Benefits and his past due Social Security Supplemental Income payments from the periods September 2015 through November 2020,[4] and November 2020 through April 5, 2021, totaling $40,800. (*Id.* at 4-5.)

Evans alleges that he called SSA three times between his release from Norristown State Hospital and a subsequent arrest on April 5, 2021 to advise that he had not yet received the benefits due to him. (*Id.* at 5.) Additionally, he alleges that he obtained a post office box, where, in March 2021, he received a letter from SSA advising that he had an appointment in April 2021

---

[3] The allegations set forth in this Memorandum are taken from Evans's Complaint. The Court adopts the pagination assigned by the CM/ECF docketing system.

[4] Evans was incarcerated from September 2015 through November 2020 and it appears from the Complaint that his Social Security benefits were not paid during this period.

concerning his benefits.  (*Id.*)  However, in April 2021, Evans was allegedly illegally arrested while a patient at Thomas Jefferson University Hospital.  (*Id.*)  Evans alleges that while incarcerated at the Detention Center, he wrote to SSA asking for the status of his claims but did not receive an answer.  He also claims that the University of Pennsylvania Police officer that arrested him confiscated his letter from SSA and a credit card at the time of the arrest.  (*Id.* at 5-6.)

Evans seeks recovery of Social Security benefits that he claims are due to him from the period September 2015 through April 5, 2021.  (*Id.* at 6.)  He also seeks recovery of compensatory and punitive damages based on the "egregious" "actions and/or inactions of the Defendants."  (*Id.*)

## II.     STANDARD OF REVIEW

Because Evans appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

---

[5] Because Evans is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Evans is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because neither of the named Defendants is a state actor, Evans cannot state a plausible claim under § 1983 and his Complaint must be dismissed.[6] This dismissal is without

---

[6] It is possible that Evans intended to assert claims against these Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) which recognized a cause of action for damages for certain constitutional violations committed by federal actors. However, the Supreme Court has rejected the extension of *Bivens* to due process violations brought in connection with the denial of Social Security benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988). Additionally, in light of the availability of review under 42 U.S.C. § 405(g), there is no basis to extend *Bivens* to recognize a remedy for any other constitutional violation that Evans may seek to allege in this case. *See Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (noting that Supreme Court has recognized only a few contexts in which a *Bivens* remedy is available and has counseled against creating new recognized claims).

prejudice to Evans pursuing recovery of the Social Security benefits he claims are owed to him in an appropriate proceeding before the SSA.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss Evans's Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Evans will not be granted leave to file an amended complaint because to do so would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).  However, this dismissal is without prejudice to Evans pursuing recovery of the Social Security benefits he claims are owed to him in an appropriate forum.  An Order follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**